10-3852-cv
Epstein v. Hartford Life & Acc. Ins. Co.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 18th day of November, two thousand eleven.

PRESENT:   GERARD E. LYNCH,
           DENNY CHIN,
           SUSAN L. CARNEY,
                    *Circuit Judges.*

HOWARD EPSTEIN,

                *Plaintiff-Appellant*,

      v.                                                                 No. 10-3852-cv

HARTFORD LIFE AND ACCIDENT INSURANCE
COMPANY,

                *Defendant-Appellee*.

FOR APPELLANT:   Scott M. Riemer, Riemer & Associates, LLC, New York, NY.

FOR APPELLEE:    Michael H. Bernstein (John T. Seybert, *on the brief*),
                 Sedgwick LLP, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Pauley, *J.*).



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: December 13, 2011

1:09-cv-05608-WHP

MANDATE

MANDATE ISSUED ON 12/13/2011

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is VACATED and the matter REMANDED for further proceedings.

Plaintiff-appellant Howard Epstein appeals from the district court's grant of defendant-appellee Hartford Life and Accident Insurance Company's motion for summary judgment. See Epstein v. Hartford Life & Accident Ins. Co., No. 09 Civ. 5608 (WHP), 2010 WL 3359480 (S.D.N.Y. Aug. 25, 2010). We assume the parties' familiarity with the underlying facts and procedural history of the case.

On appeal, Epstein argues principally that the district court erred in concluding that his complaint was time-barred by a limitation-of-actions clause in Hartford's long-term disability ("LTD") plan. Epstein contends that the plan's three-year limitations period for filing a legal challenge to a denial of benefits began to run ninety days after October 22, 2007, and that his June 18, 2009, complaint was therefore timely. In the alternative, Epstein argues that the limitations period began to run thirty days after November 20, 2006, the date on which Hartford requested additional proof of his physical disability. Hartford argues – as it argued successfully below – that the three-year limitations period began to run on October 22, 2005, the original date from which Epstein sought LTD benefits, and that Epstein's complaint was therefore untimely. Because we conclude that Epstein's complaint was timely, we reverse the judgment of the district court and remand the case for further proceedings.

## DISCUSSION

We review de novo a district court's grant of summary judgment under Rule 56 of the Federal Rules of Civil Procedure, and will uphold the judgment "only if the evidence, viewed in the light most favorable to the party against whom it is entered, demonstrates that there are no genuine issues of material fact and that the judgment was warranted as a matter of law." Barfield v. N.Y. City Health & Hosps. Corp., 537 F.3d 132, 140 (2d Cir. 2008); see also Fed. R. Civ. P. 56.

The Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001-1461, "does not prescribe a limitations period" within which claimants can challenge benefits denials in federal court. Burke v. PriceWaterHouseCoopers LLP Long Term Disability Plan, 572 F.3d 76, 78 (2d Cir. 2009). "[T]he applicable limitations period is that specified in the most nearly analogous state limitations statute," which in this case is New York's six-year limitations period for contract actions. Id. (internal quotation marks omitted). However, "New York permits contracting parties to shorten a limitations period" if, as here, "the agreement is memorialized in writing." Id. (citing N.Y. C.P.L.R. § 201).

In this case, as in Burke, the benefits plan's "limitations period prohibits a claimant from bringing legal action more than three years after the time written Proof of Loss is required to be furnished." Id. at 79 (internal quotation marks omitted). Hartford's LTD plan provides, in pertinent part:

> **When can legal action be started?**
> Legal action cannot be taken against us:
> 1. sooner than 60 days after due Proof of Loss has been furnished; or

3

> 2. three years after the time written Proof of Loss is required to be furnished according to the terms of the Policy (five years in Kansas; six years in South Carolina).

The plan further requires that proof of loss

> be sent to us within 90 days after the start of the period for which we owe payment. If proof is not given by the time it is due, it will not affect the claim if:
> 1. it was not possible to give proof within the required time; and
> 2. proof is given as soon as possible; but
> 3. not later than 1 year after it is due, unless You are not legally competent.
> We may request Proof of Loss throughout Your Disability. In such cases, we must receive the proof within 30 days of the request.

In addition, the plan sets an "Elimination Period" of 182 consecutive days – the period for which a claimant "must be Disabled before benefits become payable."

Hartford calculated that Epstein exhausted the plan's elimination period on October 22, 2005. That is the same date that Epstein, in his complaint, said that he originally became eligible for LTD benefits. See Compl. ¶¶ 16-17 (alleging that "[f]rom October 22, 2005, plaintiff has been totally disabled within the meaning of the Plan," and "has not worked and has had no earnings" since that date). Under the terms of the plan, then, proof of loss for Epstein's LTD benefits claim was due on January 20, 2006, ninety days after the elimination period ended on October 22, 2005. Thus, according to Hartford, the Plan's three-year limitations period for filing an ERISA suit began to run on January 20, 2006, and ended on January 20, 2009. Epstein filed suit in the district court nearly five months after that date, on June 18, 2009.

In its answer to Epstein's complaint, Hartford included several affirmative defenses, one of which asserted that Epstein's "action and each purported claim asserted therein are barred by the expiration of the limitations period set forth in the [LTD] plan." The district court agreed and, after briefing and oral argument, granted summary judgment for Hartford, dismissing Epstein's complaint with prejudice because the court concluded that it was time-barred by the LTD plan's three-year limitations provision.

On appeal, Epstein contends that the district court miscalculated the limitations period. After having originally denied Epstein's claim for long-term physical-disability benefits, Hartford granted his claim for two years' worth of mental-health benefits – the maximum duration of such benefits under the plan – for the period of October 22, 2005, to October 22, 2007. Subsequently, in a November 20, 2006, letter, Hartford asked Epstein to provide additional information regarding his physical disabilities so that Hartford could determine whether Epstein was eligible for long-term physical-disability benefits to begin on October 22, 2007, after his two years of mental-health benefits ended. Epstein contends that the three-year limitations period should be measured from January 20, 2008, ninety days after October 22, 2007, the date on which his long-term mental-health benefits terminated and when Hartford would have owed payment on his long-term physical disability benefits claim. Alternatively, he argues that the limitations period began to run thirty days after Hartford sent its November 20, 2006, request for additional information. Under either approach, his ERISA complaint would be timely.

5

At oral argument, Hartford admitted that its post-denial requests for additional information regarding Epstein's long-term physical disabilities would have restarted the running of the limitations period if Epstein had replied and furnished the information that Hartford requested. Hartford contended, however, that because Epstein failed to respond, and did not "engage" in the "deliberative process" regarding his physical LTD claim, he should receive no leniency under the plan's limitations clause. Hartford advanced a similar argument in its brief. See Appellee's Br. 35-36. Below, the district court agreed with this position and concluded that, because "neither Epstein nor his attorney elected to respond to Hartford's request, there is no reason Epstein should benefit from the fact that Hartford sent a request." Epstein, 2010 WL 3359480, at *7.

The terms of the LTD plan, however, make no mention of the possibility that a claimant's actions (or failure to act) can affect the limitations period. Instead, the relevant provisions of the plan mention only actions performed and deadlines set by Hartford. Accordingly, we see no reason why Epstein's apparently dilatory behavior should alter the start-date or duration of the three-year limitations period.

Having conducted a de novo review of the record, we conclude that Hartford's post-denial request for additional proof of loss regarding Epstein's claim for long-term physical disability benefits extended the limitations period to run from December 20, 2006, when such proof of loss was due. As Epstein's action was filed within three years of that date, we need not reach Epstein's argument as to whether the later date of January 28, 2008, also restarted the limitations period.

6

The district court erred in granting summary judgment for Hartford based on the limitations provision. We therefore reverse that judgment and remand the case to the district court for further proceedings. We express no view on the merits.

## CONCLUSION

For the foregoing reasons, the judgment of the district court is VACATED, and the case is REMANDED to the district court for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit