> *Application granted in part and denied in part. The parties may file their motions by June 13, 2012, Oppositions are due July 11, 2012, and replies are due August 9, 2012. The Court will hear oral argument Aug. 24, 2012 at 10:00 a.m. Defendant's request for a pre-motion conference is denied. Defendant may make arguments concerning striking evidence in its summary judgment papers.*
>
> **SO ORDERED:**
> *[signature]*
> WILLIAM H. PAULEY III U.S.D.J.
> 6/5/12

# Sedgwick LLP

ATTORNEYS AT LAW

125 BROAD STREET, 39TH FLOOR   NEW YORK, NEW YORK 10004-2400
www.sedgwicklaw.com   212.422.0202 *phone*   212.422.0925 *fax*

Michael H. Bernstein
(212) 898-4011
michael.bernstein@sedgwicklaw.com

June 5, 2012

*Via Facsimile and Regular Mail*
Hon. William H. Pauley
United States District Court Judge
United States District Court For The Southern
District of New York
500 Pearl St.
New York, NY 10007-1312

RECEIVED
JUN - 5 2012
CHAMBERS OF
WILLIAM H. PAULEY
U.S.D.J.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/8/12

Re: *Howard Epstein v. Hartford Life And Accident Insurance Company*
    Civ. Act. No. 09 Civ. 5608 (WHP)
    File No.: 02489-000014

Dear Judge Pauley:

        This office represents defendant Hartford Life and Accident Insurance Company ("Hartford") in the above-referenced matter. <u>We write to request an extension of the briefing schedule for filing the parties' competing summary judgment motions and to request a pre-motion conference to address Hartford's proposed motion to preclude plaintiff,</u> Howard Epstein ("Epstein"), from introducing into evidence on these motions irrelevant and immaterial documents gathered from other cases as "facts" to be referenced in the parties' Joint Statement of Material Facts ("Joint Statement") in support of Epstein's conflict of interest arguments.

        This action involves Epstein's claim for continuing long term disability benefits under an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001, *et seq.* Hartford issued a group policy of insurance to Epstein's employer to fund benefits under the plan and also administered all claims for plan benefits pursuant to a grant of full discretionary authority to determine a participant's eligibility for benefits and interpret plan terms. Under this standard, the Court's review is limited to the administrative record to determine whether Hartford's adverse benefit determination was arbitrary and capricious. *See Miller* v. *United Welfare Fund*, 72 F.3d 1066, 1071 (2d Cir. 1995); *Magee* v. *Metropolitan Life Ins. Co.*, No. 07-cv-88169(WHP), 2009 WL 3682423, *2 (S.D.N.Y. Oct. 15, 2009).

        This Court's Order dated May 17, 2012 requires the parties to submit the Joint Statement with their competing motions for summary judgment on June 6, 2012. On May 23, 2012, this office provided Epstein's counsel with a draft Joint Statement to be reviewed and revised in order for the parties to submit the Statement with the parties' motions as ordered by the Court. On May 31, 2012, Epstein first responded to this draft by striking more than fifty paragraphs from it with no explanation of why (for example, by claiming that a fact is not material or was cited inaccurately), and seeking to reference additional documents outside of the administrative record. In addition, on the afternoon of June 4, 2012 (a day and half before the motions are due to be filed), Epstein's counsel sent a twenty-two page insert of additional "facts" for the Joint Statement. The insert refers to information and documents that Epstein's counsel has gathered in

Hon. William H. Pauley
Re: *Howard Epstein v. Hartford Life And Accident Insurance Company*
    Civ. Act. No. 09 Civ. 5608 (WHP)
June 5, 2012
Page 2

other cases but did not disclose as evidence he intended to rely on in his Rule 26 initial disclosures in this case. We advised Epstein's counsel that more time was needed to review his proposed additional facts and, consequently, Epstein's counsel consented to an extension of time for the parties to file the motions for summary judgment.[1] This is the second request for an extension of the briefing schedule. The first was requested by Epstein's counsel, to which we consented, and the Court granted the extension. (Doc. No. 36).

Hartford also seeks a pre-motion conference to discuss its proposed motion for an order precluding Epstein from submitting on his motion for summary judgment various items of extra-record evidence for this Court's review. In this regard, Epstein's proposed revisions to the Joint Statement reference extra-record materials that the Court may not consider on an arbitrary and capricious record-review. *See Miller*, 72 F.3d at 1071. Epstein cites to documents and information that he has not identified in discovery and which were gathered from other cases having nothing to do with Epstein's case. These materials are irrelevant to this case or the issues to be argued on summary judgment, and this Court should preclude Epstein from submitting them to the Court. FED. R. EVID. 401. The documents Epstein references relate to information regarding employees and medical review consultants who were not involved in deciding Epstein's claim for benefits at *any* level. The U.S. Court of Appeals for the Second Circuit has ruled that "[n]o weight is given to a conflict in the absence of any evidence that the conflict actually affected the administrator's decision [in a particular claim review]." *Durakovic v. Building Service 32 BJ Pension Fund*, 609 F.3d 133, 139 (2d Cir. 2010); *see Hobson v. Metropolitan Life Ins. Co.*, 574 F.3d 75, 83 (2d Cir. 2009). Since the evidence Epstein seeks to submit with his motion relates to Hartford's administration of claims other than Epstein's claim, it cannot inform the question of whether a conflict of interest actually affected Hartford's decision-making with respect to Epstein's claim. Therefore, the documents Epstein proposes to submit are not "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence" under Rule 401, FED. R. EVID., and are inadmissible for supporting a motion for summary judgment pursuant to Rule 56, FED. R. CIV. P.

Furthermore, Epstein's additional evidence and his proposed factual references to this evidence in the Joint Statement, should not be permitted for an additional reason — these documents were not disclosed or identified by Epstein in discovery. Rule 37(c)(1), FED. R. CIV. PROC., precludes parties from using evidence that they fail to disclose in discovery. Although given an opportunity to disclose the information he now seeks to rely on in this motion during discovery, Epstein chose not to disclose or even identify any of it as required. In fact, Epstein made a similar attempt to submit documents and information from another case when the parties originally briefed summary judgment motions in 2010, and Hartford raised the same objection at that time. On remand from the Court of Appeals, Epstein was given a chance to correct his failure to disclose evidence that he intended to rely on this motion. (Doc. 34). Instead, Epstein did not disclose the documents from other cases that he seeks to reference in his motion until he provided his proposed insert to the Joint Statement on June 4, 2012 — nearly three months after discovery closed.

Accordingly, we respectfully request that the Court extend the time for the parties to file their motions for summary judgment and to hold a pre-motion conference to address Hartford's proposed motion to preclude Epstein from submitting and relying on evidence cited in his insert to the Joint Statement.

---

[1] We note that counsel for both parties are scheduled to be out of the country between July 16 through July 30, 2012 and respectfully request an opportunity to set a briefing schedule to avoid any conflict with those previously scheduled vacations.

NY/909531v1