UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
HOWARD EPSTEIN,                                     Civ. Act. No.: 09 CIV 5608 (WHP)

                    Plaintiff,

                                        **DECLARATION OF**
        -against-                        **BRUCE LUDDY**

HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY,
                                        DOCUMENT
                                        ELECTRONICALLY FILED
                    Defendant.
-------------------------------------------------------------X

        BRUCE LUDDY, pursuant to 28 U.S.C. §1746(2) declares under penalty of perjury the following:

        1. I am the Director of Litigation and Appeals for HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY (hereinafter "Hartford") and have held that position for four (4) years. As part of my duties in this position, I am responsible for supervising the claims staff who decide appeals of denied disability benefit claims. Prior to that time, I was the Assistant Director of Litigation and Appeals since 1998. I am fully familiar with the policies and procedures Hartford employed from 2006 through 2008 when Howard Epstein's ("Epstein") claim was being evaluated. As such I am fully familiar with the facts and circumstances contained herein. I submit this Declaration in support of Hartford's Motion for Summary Judgment.

        2. During Hartford's review of Epstein's claim for continuing long-term disability ("LTD") benefits under the LTD Plan sponsored by JPMorgan Chase Bank and issued by Hartford, identified by policy number GLT-675174, the denials of the claim for continuing LTD benefits were recommended by Ability Analysts and approved by their supervisors, all of whom are or were members of the claims department, and the administrative appeals were decided by Appeals Specialists who are or were members of the Appeals Unit.

NY/558162v1

3. In evaluating claims under employee benefit plans insured by Hartford, it is Hartford's practice and intention to review such claims fairly, without regard to the manner in which the plan is funded, and to consistently award benefits on claims that are entitled to payment pursuant to the provisions of the applicable benefit plan while consistently denying claims that are not entitled to such payments.

4. Hartford recognizes that awarding benefits on claims that are not entitled to such payments pursuant to the terms of the applicable plan does not benefit all of the persons insured under that plan as a group. Instead, such payments could result in increased premiums and/or a reduction or elimination of benefits by the employer, which will ultimately work to the detriment of all participants and beneficiaries of a given plan.

5. Hartford does not provide its Ability Analysts, their supervisors and the Appeals Specialists with any incentives, remuneration, bonuses, awards, achievements, or other recognition based in whole or in part upon the denial or termination of claims. Hartford's claims decision-makers are paid fixed salaries and performance bonuses that are wholly unrelated to the number of claims paid or claims denied.

6. Hartford's Ability Analysts, their supervisors and the Appeals Specialists are evaluated on the quality and accuracy of their claims decisions in accordance with the applicable plan documents.

7. Hartford does not discourage its claim decisions-makers from paying legitimate claims.

8. Hartford maintains a separate appeal unit for the consideration of claims that have been denied by the claims department on the initial review.

9. Each Appeals Specialist in Hartford's appeal unit is charged with making an independent assessment of the adverse claim decision based on the relevant provisions of the governing LTD Plan and upon all of the evidence contained in the claim file.

NY/553162v1

10. During the Appeals Specialist's review of a denied claim on administrative appeal, the individual responsible for the appeal does not discuss the merits of the claim with the original Ability Analyst who made the initial benefits determination, or his or her supervisor.

11. Hartford's Ability Analysts, their supervisors and the Appeals Specialists are not involved in Hartford's financial decisions, including, but not limited to, any review or analysis of Hartford's financial performance, or the financial performance or claims experience of any particular long term disability plan insured by Hartford.

12. Hartford's claims department and appeal unit are completely separate business units from the financial and underwriting departments.

13. Neither the claims department nor the appeal unit seeks approval from Hartford's financial underwriters in connection with their decision-making on claims for disability benefits.

14. Hartford's financial and underwriting departments do not advise or influence the claims department or appeal unit with respect to whether or not to pay a claim. Indeed, these units are kept completely separate from each other.

15. The office of the Chief Financial Officer of Hartford, and its affiliate, subsidiary or parent companies, do not have any involvement and do not participate in claims decisions on disability benefits claims at any level.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: January 11, 2010

_____
BRUCE LUDDY

NY/558162v1

## **CERTIFICATE OF SERVICE**

I, DANIEL M. MEIER, hereby certify and affirm that a true and correct copy of the attached **DECLARATION OF BRUCE LUDDY** was served via ECF and FedEx on this 13th day of June, 2012, upon the following:

> Scott M. Riemer, Esq.
> Riemer & Associates
> 60 East 42nd Street, Suite 2430
> New York, NY 10165

s/_____
DANIEL M. MEIER (DM 2833)

Dated:   New York, New York
         June 13, 2012