

**MEMO ENDORSED**

August 10, 2012

**VIA E-MAIL**

Hon. Ronnie Abrams
United States District Court
500 Pearl Street
Room 620
New York, NY 10007-1312
Abrams_NYSDChambers@nysd.uscourts.gov

    Re: Epstein v. Hartford Life and Accident Ins. Co.
       09 CV 5608 (RA)

Dear Judge Abrams:

  We represent plaintiff Howard Epstein in the above-referenced matter. We respectfully request that the Court adjourn the date for reply briefs from August 9, 2012 to **August 24, 2012**. The request is made because there has been a misunderstanding as to the date that reply briefs were due. Plaintiff has been under the misunderstanding that reply briefs were due on August 24, 2012, and has not yet started his brief, let alone file it with the Court. Indeed, this misunderstanding is reflected in two Court documents: (1) the letter from plaintiff to the Court dated June 13, 2012, which was then so ordered by the court, which inadvertently specified that reply briefs were due on August 24, 2012; and (2) the joint letter to Your Honor, dated August 3, 2012, signed by both parties, which specifies in section 3 that reply briefs are due on August 24, 2012

  To our surprise, this morning, our office received an ECF notification that defendant filed its reply brief on August 9, 2012. Confused by defendant's premature filing, our office, erring on the side of caution, did <u>not</u> upload or view defendant's reply brief, which was attached to the ECF notification. Counsel for plaintiff promptly informed counsel for defendant that it was his understanding that the parties' reply briefs were due on August 24, 2012 and assured him that: (1) defendant's reply brief would not be viewed or uploaded from the ECF notification; and (2) the sealed, unopened envelope containing defendant's reply brief would be promptly returned. To mitigate this issue, plaintiff also requests that defendant be permitted to withdraw its brief from the ECF system.

  Accordingly, Epstein respectfully requests the Court set **August 24, 2012** as the deadline for the reply brief because Epstein will need the full two weeks to complete the brief, which has not yet been started. Epstein also reiterates that: (1) Hartford's reply brief has not been (and will not be) viewed or uploaded from the ECF notification; and (2) the sealed, unopened envelope containing Hartford's reply brief will be promptly returned to counsel for Hartford.

1

Respectfully yours,

Scott M Riemer

cc. Michael Bernstein, Esq.

Application granted. Reply briefs are due on August 24, 2012. Defendant may withdraw its reply brief filed on August 9, 2012 and re-file it on August 24, 2012.

SO ORDERED:

HON. RONNIE ABRAMS
UNITED STATES DISTRICT JUDGE

8/10/12

2



**RIEMER & ASSOCIATES LLC**
ATTORNEYS AT LAW

60 east 42nd street  suite 1750
new york, new york 10165
t: 212.297.0700  f: 212.297.0730
info@riemerlawfirm.com  www.riemerlawfirm.com

June 13, 2012

**VIA TELEFAX**

Hon. William H. Pauley
United States District Judge
United States District Court
500 Pearl Street
Room 2210
New York NY  10007-1312

      Re:   Epstein v. Hartford
             09 CV 5608 (WHP)

RECEIVED
JUN 1 3 2012
CHAMBERS OF
WILLIAM H. PAULEY
U.S.D.J.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/13/12

Dear Judge Pauley:

      We are counsel to plaintiff in the above-referenced action. We write on behalf of both parties. The parties hereby seek permission to file our cross-motions for summary judgment today as presently scheduled, but to have an additional two weeks, until June 27, 2012, to file the joint 56.1 statement. The parties have made great strides in negotiating the joint statement, but need additional time to finalize the statement. The request will not otherwise affect the briefing schedule. Presently, opposition briefs are due July 11, 2012, and reply briefs are due August 24, 2012.

      The moving briefs were originally due on May 18, 2012. They were then extended to June 6, 2012, and then again to June 13, 2012. This represents the third request for an extension from the parties.

      If you have any questions, please do not hesitate to give me a call.

Sincerely yours,

Scott M. Riemer

Application granted.

SO ORDERED:

WILLIAM H. PAULEY III U.S.D.J.
6/13/12

cc. Michael H. Bernstein, Esq.

August 3, 2012

**VIA E-MAIL**

Hon. Ronnie Abrams
United States District Court
500 Pearl Street
Room 620
New York, NY 10007-1312
Abrams_NYSDChambers@nysd.uscourts.gov

      Re:    Epstein v. Hartford Life and Accident Ins. Co.
               09 CV 5608 (RA)

Dear Judge Abrams:

The parties, by their attorneys, respectfully submit this joint letter in response to the Court's letter dated July 19, 2012.

    1.    Contact Information

Counsel for Plaintiff:    Scott M. Riemer
                             Riemer & Associates LLC
                             60 East 42nd Street, Suite 1750
                             New York, NY 10165
                             Tel.: (212) 297-0700
                             Fax: (212) 297-0730
                             sriemer@riemerlawfirm.com

Counsel for Defendant:   Michael H. Bernstein
                             Sedgwick LLP
                             125 Broad Street, 39th Floor
                             New York, NY 10004-2400
                             Tel.: (212) 422-0202
                             Fax: (212) 422-0925
                             Michael.Bernstein@sedgwicklaw.com

2.  Nature of the Case/Procedural Posture

The instant action is a claim for long term disability benefits, interest, and attorney fees under the Employee Retirement Income Security Act of 1974, 29 U.S.C 1001, *et. seq.*, ("ERISA"). Defendant Hartford Life and Accident Insurance Company ("Hartford") paid Plaintiff Howard Epstein ("Epstein") long term disability benefits for two years based on a finding that Epstein was disabled by a mental condition, which under the terms of the plan limited benefits to two years, but not disabled by a physical condition.

Epstein requested the right to appeal the determination that he was not disabled by a physical condition up to 180 days after the exhaustion of his benefits under the two-year mental illness limitation ("MIL")(April 22, 2008). Hartford agreed. After the two years of mental disability benefits exhausted, by letter dated October 23, 2007, Hartford advised Epstein that it had terminated further benefits because he failed to provide medical records to support his claim of a continuing disability despite several written and telephonic requests for this. Epstein subsequently requested a 30-day extension, but obtained a 60-day extension to submit his appeal by August 4, 2008. By letter dated August 1, 2008, Epstein timely filed an administrative appeal of Hartford's initial benefit determination with medical records and other materials in support of his arguments. Following its review of Epstein's appeal letter and submissions, Hartford advised Epstein by letter dated September 12, 2008, that it upheld on appeal its initial determination that Epstein was disabled due to a mental condition, not by a physical condition. Epstein asserts in this lawsuit that Hartford's final adverse benefit determination was arbitrary and capricious because he was and continues to be disabled as a result of a combination of physical illnesses.

Epstein commenced this action in the United States District Court in the Southern District of New York on June 18, 2009. On January 15, 2010, Hartford filed a motion for summary judgment seeking an order dismissing Epstein's Complaint on the grounds that his action was time-barred by the Plan's limitation of actions provision and that Hartford's decision-making on his benefit claim was not arbitrary and capricious. On February 5, 2010, Epstein submitted papers in opposition to Hartford's motion, where he requested that the Court *sua sponte* grant summary judgment in favor of Epstein because he did not have an opportunity to file a cross motion for summary judgment under the Court's briefing schedule. Alternatively, Epstein requested that the Court stay its decision on Hartford's motion pending completion of outstanding conflict discovery, and that Epstein be permitted to then supplement his opposition to Hartford's motion.

The Court permitted Epstein to complete discovery. The Court, however, denied Epstein's request to file a supplemental brief, affidavit, and exhibits pertaining to Hartford's conflict of interest without explanation.

By Memorandum and Order dated August 25, 2010, Judge William H. Pauley granted Hartford's motion for summary judgment holding that the complaint was time-barred. The decision is reported at 2010 U.S. Dist. LEXIS 91585 (S.D.N.Y. Aug. 25, 2010).

On September 22, 2010, Epstein appealed the August 25, 2010 Memorandum and Order to the Court of Appeals for the Second Circuit. After the parties fully briefed Epstein's appeal,

2

the Second Circuit vacated the August 25, 2010 Memorandum and Order, holding that Epstein timely filed his complaint. The Second Circuit remanded the case to the District Court for further proceedings with respect to the merits of the case. The decision is reported at 2011 U.S. App. LEXIS 23162 (2d Cir. Nov. 18, 2011)(summary order).

On January 13, 2012, the parties appeared before Judge Pauley for a scheduling conference, where discovery concerning Hartford's conflict of interest was reopened.

On June 13, 2012, the parties filed cross-motions for summary judgment and the parties' respective opposition papers were filed on July 11, 2012. Judge Pauley also ordered the parties to submit a Joint Rule 56.1 Statement, rather than separate Rule 56.1 Statements on behalf of each party. Hartford requested leave to strike certain extra-record submissions by Epstein. Judge Pauley ordered that the arguments in support of the motion to strike be made in Hartford's summary judgment briefing, which points are contained in Hartford's Opposition Memorandum of Law. These motions have not yet been fully briefed by the parties.

3. <u>Existing Deadlines</u>

    Reply Brief    August 24, 2012

    Oral Argument    Adjourned

4. <u>Summary of Motions</u>

| Date | Description |
| --- | --- |
| 1/15/10 | Hartford's Motion for Summary Judgment |
| 2/5/10 | Epstein's Opposition |
| 2/16/10 | Hartford's Reply |
| 2/1/11 | Epstein's Appeal Brief (2d Cir.) |
| 5/3/11 | Hartford's Appeal Opposition (2d Cir.) |
| 6/16/11 | Epstein's Appeal Reply (2d Cir.) |
| 6/13/12 | Cross-Motions for Summary Judgment; Motion to Seal Exhibit Nos. 1 through 14 to the Affirmation of Scott M. Riemer dated June 13, 2012 |
| 6/29/2012 | Joint Rule 56.1 Statement dated June 29, 2012 |
| 7/11/12 | Opposition Papers |

Epstein respectfully directs the Court's attention to plaintiff's Motion to Seal Exhibit Nos. 1 through 14 to the Affirmation of Scott M. Riemer dated June 13, 2012, which was filed on June 13, 2012. To date, the Court has not rendered its decision on this motion.

3

5. <u>Summary of Discovery Undertaken</u>

Discovery concerning Hartford's conflict of interest has been completed, as discussed *supra*.

6. <u>Settlement History</u>

The parties appeared before Magistrate Judge Ronald L. Ellis on April 19, 2012 for a settlement conference. Under the supervision of the Magistrate Judge Ellis, the parties subsequently engaged in settlement discussions. The parties, however, were unable to settle the case.

7. <u>Consent to Proceed Before a Magistrate Judge</u>

The parties do not consent to proceed before the designated Magistrate Judge.

8. <u>Trial</u>

Plaintiff elects to have the case tried by a bench trial and anticipates that it will take 1 day to present his case.

Hartford objects to a bench trial on Epstein's claim for benefits. This matter should be resolved following this court's review of the administrative record, which will be accomplished by the court's ruling on the parties' pending summary judgment motions. "Summary judgment provides an appropriate mechanism for a court to consider a challenge to the termination of disability benefits under ERISA." *Fortune v. Group Long Term Disability Plan For Employees Of Keyspan Corp.*, 637 F.Supp.2d 132, 141 (E.D.N.Y. 2009) (quoting *Alfano v. CIGNA Life Ins. Co. Of NY*, No. 07 Civ. 9661(GEL), 2009 WL 222351, *12 (S.D.N.Y. Jan. 30, 2008)) *aff'd* 391 Fed. Appx. 74 (2d Cir. 2010); *see also Reinhart v. Broadspire Servs., Inc.*, No. 06-cv-752S, 2011 WL 3273152, *4 (W.D.N.Y. July 29, 2011); *Gannon v. Aetna Life Ins. Co.*, No. 05 Civ. 2844869, *7 (S.D.N.Y. Sept. 28, 2007). Moreover, Hartford objects to Epstein's suggestion that a trial in which additional evidence is taken to supplement the administrative record is appropriate in ERISA cases. In *Miller v. United Welfare Fund*, 72 F.3d 1066, 1071-72 (2d Cir. 1995), the Second Circuit held that "[w]e follow the majority of our sister circuits in concluding that a district court's review under the arbitrary and capricious standard is limited to the administrative record." *See also See Richard v. Fleet Fin. Group Inc. LTD Employee Benefits Plan*, 367 Fed. Appx. 230, 233 (2d Cir. 2010) (2d Cir. 2010)(same); *Hobson v. Metropolitan Life Ins. Co.*, 574 F.3d 75, 89 (2d Cir. 2009)(same); *Muller*, 341 F.3d at 125 (same).

9. <u>Other Information</u>

The parties respectfully direct the Court's attention to the last paragraph of the Court's letter dated July 19, 2012 to the parties, where the Court references a "scheduled conference." Please note that a conference has not been scheduled in the instant case.

The parties also request that this matter be referred to the Court's Mediation Program.

4

Respectfully yours,

_____
Scott M. Riemer
Riemer & Associates LLC
60 East 42nd Street, Suite 1750
New York, NY 10165
Tel.: (212) 297-0700
Fax: (212) 297-0730
sriemer@riemerlawfirm.com
Attorney for Plaintiff

_____
Michael H. Bernstein
Sedgwick LLP
125 Broad Street, 39th Floor
New York, NY 10004-2400
Tel.: (212) 422-0202
Fax: (212) 422-0925
Attorney for Defendant

5